IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:22-CR-00103-01-JM

ANGELA KRISTEN BERRY

## ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 32) and Motion to Appoint Counsel (Doc. Nos. 30, 31) are DENIED.

Applying retroactive Guidelines Amendment 821 does not change Defendant's criminal history category. Her criminal history score lowers from 27 to 26, but her criminal history category and sentencing range remain the same.[1]

Additionally, Defendant's plea agreement provides that she "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into her plea agreement, including this waiver, she is not entitled to relief.[3]

IT IS SO ORDERED this 8th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 22.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).